**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TIMES NAVIGATION INC.,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT BESSENT, *in his official capacity as Secretary of the Treasury*, *et al.*,<br><br>Defendants. | Civil Action No. 26-cv-2345 (BAH)<br><br>Judge Beryl A. Howell |

**MEMORANDUM AND ORDER**
**DENYING MOTION FOR A PRELIMINARY INJUNCTION**

In this pre-enforcement challenge, plaintiff Times Navigation Inc., a Greek shipping company, seeks to stop the U.S. Department of Treasury's Office of Foreign Assets Control ("OFAC") from continuing administrative enforcement proceedings regarding plaintiff's alleged role in transporting Iranian-origin minerals and metals thereby causing another entity, YieldStreet, Inc., to violate U.S. sanctions against Iran. *See* Compl. ¶¶ 1, 5, 9, ECF No. 1. Plaintiff brings the instant suit against the U.S. Department of the Treasury, its Secretary, and the Director of OFAC, *id.* ¶¶ 5-8, alleging that Congress never authorized OFAC to administratively impose civil penalties under the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701-1707; that OFAC's administrative process violates plaintiff's "right to an independent Article III judge, the right to a jury trial secured by the Seventh Amendment, and the due process required by the Fifth Amendment"; and that OFAC's structure, which permits the OFAC's Director to be the final decisionmaker on whether to impose civil penalties, contravenes the Appointments Clause, *id.* ¶ 1.

Plaintiff now moves to preliminarily enjoin OFAC from continuing these enforcement proceedings, *see* Pl.'s Mot. for Prelim. Inj. & Req. for Oral Hr'g ("Pl.'s Mot."), ECF No. 3,

contending that OFAC should have sought "those civil penalties judicially, where fairness would be provided by an independent Article III judge, due process, and an impartial jury," Pl.'s Mot., Pl.'s Mem. in Supp. of Pl.'s Mot. for Prelim. Inj. ("Pl.'s Mem.") at 1, ECF No. 3-1. Regardless of the merits of the claims asserted, plaintiff is unable to establish irreparable injury, an essential element for entitlement of a preliminary injunction. Accordingly, for the reasons explained more fully below, plaintiff's motion for a preliminary injunction is **DENIED**.[1]

## I. BACKGROUND

The factual background and procedural history relevant to the pending motion are briefly summarized below.

### A. Factual Background

Plaintiff "is a Greek shipping company" that "entered into sale-leaseback agreements for three vessels with YieldStreet, Inc., a private investment company based in the United States." Compl. ¶ 9. "OFAC alleges that on 11 occasions between April 26, 2018, and March 5, 2019, [plaintiff] transported Iranian-origin minerals and metals on behalf of sub-charterers of those three vessels, which OFAC alleges caused YieldStreet, a U.S. entity, to violate U.S. sanctions on Iran" that had been "imposed pursuant to the International Emergency Economic Powers Act." *Id.* "After extensive discussions between OFAC and [plaintiff], OFAC issued a Pre-Penalty Notice ("PPN") for [plaintiff] on May 19, 2026, seeking a civil penalty of $4,075,827," which figure "is largely based on the OFAC Director's finding that the violation was egregious." *Id.* ¶ 10. The PPN is significant because "[t]he amount of the proposed civil penalty in the Pre-Penalty Notice will be the presumptive starting point for calculation of the civil penalty amount

[1] The submitted briefing is sufficient to resolve the pending preliminary injunction motion, rendering unnecessary any hearing, and thus plaintiff's request for a hearing, *see* Pl.'s Mot., is denied.

in the Penalty Notice." *Id.* ¶ 11 (quoting 31 C.F.R. § 501 app. A(V)(B)(3)). Plaintiff had "been given until July 10, 2026, to object" to the PPN. *Id.* ¶ 10.

**B. Procedural Background**

Plaintiff filed the instant suit on July 2, 2026, *see* Compl., and simultaneously filed the pending motion for a preliminary injunction, *see* Pl.'s Mot., to halt the OFAC proceedings underway against plaintiff. According to plaintiff, OFAC is acting in excess of its statutory authority in seeking "to impose civil penalties administratively through IEEPA." Pl.'s Mem. at 10, and advances a trio of constitutional challenges to OFAC's procedures under the Seventh Amendment, the Fifth Amendment's Due Process Clause and the Appointments Clause, *id.* at 2-3.

The same day that the motion for a preliminary injunction was filed, the parties were ordered "to meet and confer and to submit by July 3, 2026, at noon, a proposed briefing schedule," Minute Order (July 2, 2026), but following conferral the parties "respectfully request[ed] an additional business day, until Monday July 6, 2026, to submit any proposed schedule given the federal holiday being observed on Friday, July 3, 2026," and in order to create "a mutually-agreeable briefing schedule, Defendants agree[d] to afford Plaintiff a one-week extension (i.e., until July 17, 2026) to respond to the Pre-Penalty Notice issued May 19, 2026, and confirm[ed] that they will not issue a final disposition prior to that time," Joint Status Report, ECF No. 6. In their proposed briefing schedule, filed on July 6, 2026, the parties explained that "Defendants agree to provide Plaintiff with additional 60-day extension (i.e., until September 15, 2026) to respond to the Pre-Penalty Notice," Joint Proposed Schedule at 1, ECF No. 7, and the schedule provided by the parties was promptly adopted, *see* Minute Order (July 6, 2026).

Two weeks later, on July 22, 2026, the parties once more informed the Court that they had entered into an agreement to further extend the briefing schedule in exchange for defendants giving plaintiff "until September 23, 2026, to respond to the Pre-Penalty Notice issued on May 19, 2026," Defs.' Consent Mot. to Extend Deadline for Mot. in Opp'n of Prelim. Inj. at 2, ECF No. 14, and once again their proposed schedule was adopted, *see* Minute Order (July 24, 2026). On August 18, 2026, plaintiff's motion for a preliminary injunction became ripe for resolution. *See* Pl.'s Reply Br. in Supp. of Its Mot. for a Prelim. Inj. ("Pl.'s Reply"), ECF No. 16.[2]

## II. LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy that should be granted only when the party seeking the relief, by a clear showing, carries the burden of persuasion." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) (quoting *Cobell v. Norton*, 391 F.3d 251, 258 (D.C. Cir. 2004)). "To get a preliminary injunction the movant must show: (1) 'he is likely to succeed on the merits,' (2) 'he is likely to suffer irreparable harm in the absence of preliminary relief,' (3) 'the balance of equities tips in his favor,' and (4) issuing 'an injunction is in the public interest.'" *Hanson v. District of Columbia*, 120 F.4th 223, 231 (D.C. Cir. 2024) (per curiam) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Winter*, 555 U.S. at 20 ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). Additionally, "the basis of injunctive relief in the federal courts has always

---

2 Plaintiff's reply brief conveyed the request that "[b]ecause the purely legal issues raised here have been fully briefed, the Court should streamline the case and treat this motion as a motion for summary judgment," Pl.'s Reply at 1 n.1, but this request was opposed by defendants, *see* Defs.' Notice of Opp'n to Pl.'s Req. for Conversion of Prelim. Inj. Mot. into Summ. J. Mot., ECF No. 17. Plaintiff's request was denied "in light of defendants' opposition and the lack of opportunity defendants would have to respond to the converted motion." Minute Order (Aug. 20, 2026). The next day, plaintiff filed a motion for summary judgment, ECF No. 18, for which briefing is not yet completed and thus is not ripe for resolution.

been irreparable harm," *Full Gospel Churches*, 454 F.3d at 297 (quoting *Sampson v. Murray*, 415 U.S. 61, 88 (1974)), and "[a] movant's failure to show any irreparable harm is therefore grounds for refusing to issue a preliminary injunction, even if the other three factors entering the calculus merit such relief," *id.*

## III. DISCUSSION

Plaintiff alleges that preliminary injunctive relief is necessary to prevent OFAC from "subjecting [plaintiff] to an unlawful administrative process." Pl.'s Mem. at 2. This request for emergency relief, however, falls apart, because mere participation in an administrative proceeding, no matter how uncomfortable, does not constitute irreparable injury. For entitlement to a preliminary injunction, the movant must show that the irreparable injury is "'both certain and great,' 'actual and not theoretical,' 'beyond remediation,' and 'of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm.'" *Mexichem Specialty Resins, Inc. v. EPA*, 787 F.3d 544, 555 (D.C. Cir. 2015) (emphasis in original) (quoting *Full Gospel Churches*, 454 F.3d at 297). Additionally, "[w]here the injuries alleged are purely financial or economic, the barrier to proving irreparable injury is higher still, for it is 'well settled that economic loss does not, in and of itself, constitute irreparable harm.'" *Id.* (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam)).

Plaintiff has not met this burden. As support for the requisite showing of irreparable injury, plaintiff argues, first, that irreparable injury is automatically satisfied by a constitutional challenge to an agency's procedures, per language used in *Axon Enterprise, Inc. v. FTC*, 598 U.S. 175 (2023), and second, that miscellaneous other cases lead to the same result. Neither argument succeeds.

**A. *Axon* Does Not Establish Irreparable Harm**

Plaintiff relies primarily on the Supreme Court's decision in *Axon* as dispositive on showing irreparable harm, citing *Axon*'s language that being compelled to appear before an unconstitutional adjudicative proceeding would cause parties to "lose their rights not to undergo the complained-of agency proceedings if they cannot assert those rights until the proceedings are over," representing "a here-and-now injury." 598 U.S. at 191-92 (quoting *Seila Law LLC v. CFPB*, 591 U.S. 197, 212 (2020)). This reliance is entirely misplaced. As this Court recently explained in another case seeking a preliminary injunction to halt administrative enforcement proceedings of another agency, *Axon* neither addressed nor involved a request for emergency relief but instead resolved a question about jurisdiction and thus does not compel the conclusion that every litigant who raises a constitutional challenge to agency proceedings is entitled to a preliminary injunction. *See Centerline Logistics Corp. v. U.S. Dep't of Lab.*, No. 26-cv-2773 (BAH), 2026 WL 2415797, *6-8 (D.D.C. Aug. 18, 2026).

Although *Axon* is not dispositive here, a binding decision from the D.C. Circuit is. In *Alpine Securities Corp. v. FINRA*, 121 F.4th 1314 (D.C. Cir. 2024), the D.C. Circuit rejected plaintiff's precise argument based on the same language from *Axon*. In *Alpine*, the appellant argued that "*Axon* held that being forced to participate in an unconstitutional agency proceeding necessarily qualifies as irreparable harm supporting the issuance of a preliminary injunction," but the D.C. Circuit reasoned that *Axon* "does not say that every agency proceeding already underway must immediately be halted because of an asserted constitutional flaw." 121 F.4th at 1335-36. Instead, the D.C. Court's analysis concluded that "*Axon* does not 'clearly dictate a departure from circuit law'" because "the [Supreme] Court did not speak to what constitutes irreparable harm for purposes of the extraordinary remedy of a preliminary injunction." *Id.* at 1336 (quoting *Bahlul v. United States*, 77 F.4th 918, 926 (D.C. Cir. 2023)). Additionally, *Alpine*

determined that "being investigated by, or participating in a proceeding before, an unconstitutionally appointed officer is not, without more, an injury that necessitates preliminary injunctive relief." *Id.* at 1334.

A bevy of other circuits are in agreement with the D.C. Circuit's conclusion that *Axon* does not alter what qualifies as irreparable harm. *See, e.g.*, *Care One, LLC v. NLRB*, 166 F.4th 335, 345 (2d Cir. 2026) (determining that a plaintiff's "reliance on *Axon Enterprise* to argue that it has satisfied the irreparable harm requirement for a preliminary injunction is misplaced," and explaining that "the phrase 'here-and-now injury,' as used in *Axon Enterprise*, originated in *Seila Law*," which "was a case concerned with a party's standing to pursue its claim, not a party's entitlement to equitable relief on that claim"); *Manis v. U.S. Dep't of Agric.*, No. 24-1367, 2025 WL 2389422, at *4 (4th Cir. Aug. 21, 2025) (per curiam) (finding that "critically, 'the Court [in *Axon*] did not speak to what constitutes irreparable harm for purposes of the extraordinary remedy of a preliminary injunction,'" determining that "[e]xtending the holding of *Axon* in this circumstance would require a per se finding of irreparable harm whenever a plaintiff alleges constitutional deficiency in a collateral proceeding challenging their subjection to an agency proceeding," and declining to "make that leap" (quoting *Alpine*, 121 F.4th at 1336)); *YAPP USA Auto. Sys., Inc. v. NLRB*, No. 24-1754, 2024 WL 4489598, at *3 (6th Cir. Oct. 13, 2024) (rejecting the argument that the "harm of 'being subjected to unconstitutional agency authority' was recognized in *Axon*" because "*Axon* 'did not address issues of relief or injury'"); *Leachco, Inc. v. Consumer Prod. Safety Comm'n*, 103 F.4th 748, 758 (10th Cir. 2024) (finding that "*Axon* does not help [plaintiff] establish irreparable harm because *Axon* did not address the issue of irreparable harm, or any other issue regarding entitlement to injunctive relief").

Attempting to distinguish the D.C. Circuit's binding opinion in *Alpine*, plaintiff brazenly takes two statements from that opinion entirely out of context, misrepresenting what occurred in that case, writing in full: "And it is distinguishable from *Alpine Securities Corp. v. FINRA*, because Times challenges 'the agency process itself' and the injury of being subjected to such unlawful administrative proceedings cannot 'be remedied if a party were forced to litigate before the agency prior to raising its claims in federal court.'" Pl.'s Reply at 23 (quoting *Alpine*, 121 F.4th at 1335-36). Such representation is passing strange because *Alpine* squarely concerned challenges to "the agency process itself." *See Alpine*, 121 F.4th at 1319 ("Alpine then sought a preliminary injunction from the district court against the expedited proceeding, arguing that FINRA is unconstitutional because its expedited action against Alpine violates either the private nondelegation doctrine or the Appointments Clause."). Plaintiff's selective quotations cherry-picked from *Alpine* were from the D.C. Circuit's summary of the Supreme Court's reasoning of the jurisdictional issue in *Axon*, and thus do nothing to shift the binding holding in *Alpine* that applies here. *See Alpine*, 121 F.4th at 1335, 1336.

### B. Plaintiff's Other Arguments Likewise Fail

Moving beyond *Axon*, plaintiff's other arguments have a steep hill to climb given the longstanding binding precedent of the D.C. Circuit, confirmed in *Alpine*, that "[i]rreparable harm cannot be established by a mere reliance on the burden of submitting to agency hearings" because "[t]his is a risk of litigation that is inherent in society, and not the type of injury to justify judicial intervention." *Sears, Roebuck & Co. v. NLRB*, 473 F.2d 91, 93 (D.C. Cir. 1972). Indeed, "[a] chorus of federal courts [] has found that procedural injury, standing alone, cannot constitute irreparable harm." *E. Band of Cherokee Indians v. U.S. Dep't of Interior*, No. 20-cv-757 (JEB), 2020 WL 2079443, at *4 (D.D.C. Apr. 30, 2020) (collecting cases). "Rather, to shoulder its burden to obtain a preliminary injunction, a litigant must show that the procedural

harm is accompanied by a 'concrete injury.'" *Id.* (quoting *Fisheries Survival Fund v. Jewell*, 236 F. Supp. 3d 332, 336 (D.D.C. 2017) (TSC)). Plaintiff has shown no such concrete injury and takes an alternative tack of challenging this foregoing reasoning as incorrect.

Plaintiff marshals loose language from four D.C. Circuit opinions in an effort to establish irreparable injury from alleged constitutional violations, but none of these cases help plaintiff overcome the binding, on-point precedent in *Alpine* because not one of those other cited cases addresses irreparable injury based on procedural challenges to an agency enforcement action. *See* Pl.'s Reply at 22-23 (citing, *inter alia*, *Davis v. District of Columbia*, 158 F.3d 1342 (D.C. Cir. 1998), *Sidak v. U.S. Int'l Trade Comm'n*, 174 F.4th 151 (D.C. Cir. 2026), *Media Matters for Am. v. FTC*, No. 25-5302, 2025 WL 2988966 (D.C. Cir. Oct. 23, 2025), and *Karem v. Trump*, 960 F.3d 656 (D.C. Cir. 2020)). Two of these cases are completely irrelevant: *Davis* involved a challenge to the constitutionality of a provision of the Prison Litigation Reform Act, 42 U.S.C. § 1997e, that limits the ability for prisoners to seek damages, *see Davis*, 158 F.3d at 1345 ("Davis appeals from the district court's dismissal, arguing primarily that § 1997e(e) violates his right to equal protection and unduly burdens his Fifth Amendment right of access to the courts."), and, in *Sidak*, the D.C. Circuit reviewed an award of summary judgment and mentions irreparable injury only to say that appellants never raised the issue, *see Sidak*, 174 F.4th at 160 ("But the ITC doesn't make that argument on appeal. Rather, its opening brief makes no mention of *eBay*'s 'irreparable injury' factor outside its recitation of *eBay*'s test." (discussing the permanent injunction test from *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)). The other two cases, *Media Matters* and *Karem*, both involved a finding of irreparable injury based on a restriction on First Amendment freedoms, based on firmly established precedent, not applicable to plaintiff's constitutional claims, that "[t]he loss of First Amendment freedoms, for

even minimal periods of time, unquestionably constitutes irreparable injury." *Pursing Am.'s Greatness v. Fed. Election Comm'n*, 831 F.3d 500, 511 (D.C. Cir. 2016) (internal quotation marks omitted) (quoting *Mills v. District of Columbia*, 571 F.3d 1304, 1312 (D.C. Cir. 2009)); *see Media Matters*, 2025 WL 2988966, at *10 ("Media Matters has documented the concrete harms to its speech activities it is currently suffering with the Commission's Demand hanging over its head."); *Karem*, 960 F.3d at 664 ("It then preliminarily enjoined the suspension because Karem stood to suffer irreparable First Amendment harm and because the balance of equities and public interest weighed in favor of an injunction.").

Plaintiff's citations to two recent opinions by other judges on this Court fare no better in helping to make the requisite showing of irreparable harm. *See* Pl.'s Reply at 22 (citing, *inter alia*, *Endocrine Soc'y v. FTC*, 832 F.Supp.3d 1 (D.D.C. 2026) (JEB), and *Taylor v. Trump*, 823 F. Supp. 3d 17 (D.D.C. 2026) (TJK)). The plaintiff in *Endocrine Society* advanced a claim concerning the First Amendment, the deprivation of which constituted irreparable injury. 832 F. Supp. 3d at 9 ("As the Court finds that Plaintiff's First Amendment retaliation claim warrants preliminary relief, it need not consider its other claims."). In *Taylor*, twenty federal prisoners brought a Due Process challenge to the process that led to their redesignation to ADX Florence, "[t]he most restrictive prison in the federal system," "nicknamed 'the Alcatraz of the Rockies,'" and "intended to house prisoners that cannot be safely imprisoned elsewhere." 823 F. Supp. 3d at 23. A preliminary injunction was granted because "the Constitution requires that whenever the government seeks to deprive a person of a liberty or property interest that the Due Process Clause protects—whether that person is a notorious prisoner or a law-abiding citizen—the process it provides cannot be a sham" and that "such a deprivation of constitutional due process amounts to irreparable harm, and the balance of the equities supports relief." *Id.* Unlike in

*Taylor*, where irreparable injury was predicated on physical deprivation of constitutional freedoms, *see id.* at 40, plaintiff in the instant case faces only a civil assessment from an adjudicatory body.[3]

Finally, plaintiff seems to suggest that the impending imposition of a monetary penalty alters the foregoing analysis, stating that "[a]bsent injunctive relief, [plaintiff] will be required to respond to the Pre-Penalty Notice or OFAC will issue a binding final decision imposing the proposed $4 million penalty." Pl.'s Reply at 23. This observation does not explain why the opportunity to challenge this fine in federal court would prove an ineffective remedy, and in any event, the D.C. Circuit has long held that "economic loss does not, in and of itself, constitute irreparable harm," *Wis. Gas Co.*, 758 F.2d at 674, especially where the amount paid would be recoverable through a civil suit. Additionally, the Supreme Court has established that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974).

Plaintiff's inability to establish irreparable harm is sufficient to deny the emergency-relief of a preliminary injunction. *See Full Gospel Churches*, 454 F.3d at 297 ("A movant's failure to show any irreparable harm is . . . grounds for refusing to issue a preliminary injunction, even if the other three factors entering the calculus merit such relief."). Accordingly, the remaining factors need not be analyzed, and plaintiff's motion for a preliminary injunction is denied.

[3] Inviting consideration of cases from outside the Circuit, plaintiff raises in a string citation a trio of cases arising from federal courts in Texas. *See* Pl.'s Reply at 23 (citing, *inter alia*, *Vaping Dragon LLC v. U.S. Food & Drug Admin.*, No. 25-cv-081, 2026 WL 266277 (N.D. Tex. Feb. 2, 2026), *Kinder Morgan, Inc. v. U.S. Dep't of Lab.*, No. 25-cv-3651, 2025 WL 3635155 (S.D. Tex. Dec. 15, 2025), and *Wulferic, LLC v. U.S. Food & Drug Admin.*, 793 F. Supp. 3d 830 (N.D. Tex. 2025)). These cases discuss *Axon*, but emanating out of the Fifth Circuit, none are bound by, and so do not address, *Alpine*, rendering these three cases entirely unpersuasive.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, plaintiff has not satisfied the elements requisite to be entitled to a preliminary injunction. Accordingly, it is hereby

**ORDERED** that plaintiff's Motion for Preliminary Injunction, ECF No. 3, is **DENIED.**

**SO ORDERED.**

*This is an appealable order.*

Date: August 31, 2026

**BERYL A. HOWELL**
United States District Judge